O

JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| DORIS HAYES, | Case No. 2:17-cv-07182-ODW-JC |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND [14]** |
| v. | |
| THE TJX COMPANIES, INC., a Delaware Corporation; T.J. MAXX OF CA, LLC., a Delaware Corporation, MARIA ARIAS, an individual, and DOES 1 through 50, Inclusive, | |
| Defendants, | |

## I. INTRODUCTION

Plaintiff Doris Hayes ("Hayes") moves to remand this case to Los Angeles County Superior Court for lack of subject matter jurisdiction. (Mot., ECF No. 14.) Hayes, a California citizen, argues that complete diversity under 28 U.S.C. § 1332 does not exist because she has a plausible claim against non-diverse defendant, Maria Arias. Defendants, the TJX Companies ("TJX"), T.J. Maxx of CA ("T.J. Maxx"), and Arias, oppose the motion, claiming that there is no legitimate basis for the joinder of Arias. (ECF No. 17.)

For the reasons discussed below, the Court finds that Arias is not a sham defendant. Therefore, the Court **GRANTS** Hayes's Motion to Remand.[1] (ECF No. 14.)

## II. FACTUAL BACKGROUND

Hayes's claims arise from the termination of her employment with T.J. Maxx. (Comp. ¶ 7, ECF No. 14.) On August 11, 2017, Hayes filed this action in state court, asserting twelve causes of action. (Not. of Removal Ex. A, ECF No. 1.) Hayes pleaded two of those causes of action against Arias, the individual defendant at issue here: (1) Hostile Work Environment, and (2) Intentional Infliction of Emotional Distress ("IIED").[2] (*Id.*)

Hayes is a citizen of California. (Comp. ¶ 1.) TJX and T.J. Maxx are Delaware corporations, with their principal place of business in Massachusetts. (*Id.* ¶ 2; Not. of Removal ¶¶ 18, 22.) Arias is a citizen of California. (Comp. ¶ 3.)

Hayes is a 60-year-old African-American woman who worked for T.J. Maxx between June 2007, and June 2016. (*Id.* ¶ 7.) In April 2014, Hayes suffered severe abdominal pain and underwent surgery to treat her vaginal vault prolapse. (*Id.* ¶ 14–15.) After taking disability leave, Hayes returned to work in October 2015. (*Id.* ¶ 20.) Hayes alleges that she was required to stand, despite informing T.J. Maxx and Arias, who at the time was the new General Store Manager, that she had difficulty bending, standing, sitting, and reaching. (*Id.* ¶ 21.) After a subsequent surgery and additional medical leave, Hayes's doctor instructed her not to lift more than ten pounds or sit, bend, or stand for more than one hour. (*Id.* ¶¶ 29, 34.)

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[2] The Court only provides factual background concerning Hayes's claims against Arias, as those are the allegations pertinent to the Court's remand analysis.

Hayes alleges that Arias discriminated and harassed her because: (1) Arias made no job modifications to accommodate Hayes's disability and medical condition (*Id.* ¶ 21); (2) Arias displayed annoyance whenever Hayes would request time off (*Id.* ¶ 22); and (3) Arias awarded younger, non-African-American employees—who had less seniority than Hayes—more favorable shifts (*Id*. ¶ 24). Further, Hayes alleges that employees and customers previously confronted Arias regarding Arias's discrimination. (*Id.* ¶ 24.) Hayes is unaware of any investigation that took place after she complained to the Head Store Manager about Arias's prejudicial conduct, specifically towards African-Americans. (*Id.* ¶ 22–23.)

On June 15, 2016, T.J. Maxx fired Hayes because she had "reach[ed] the allowed 6-month mark with medical documentation not warranting reasonable extension of [her] leave." (*Id.* ¶ 35.) T.J. Maxx did not ask Hayes or communicate with her doctors about the potential for "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, adjustment of policies, [or] other similar accommodations." (*Id.* ¶ 36.)

On August 11, 2017, Hayes filed this action in state court. (Not. of Removal Ex. A.) Defendants removed the action on September 28, 2017, claiming diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) Defendants argue that Arias is a fraudulently joined, sham defendant whose citizenship should not be considered in determining diversity jurisdiction. (*Id*.) On October 23, 2017, Hayes moved to remand. (ECF No. 14.) Defendants timely opposed. (ECF No. 17.) That Motion is now before the Court for decision.[3]

---

[3] This Order does not evaluate the merits of the claims against defendant Maria Arias. Rather, as discussed below, the purpose of this analysis is to determine whether the claims are plausible for jurisdictional purposes. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990) (noting that the district court should not step beyond the threshold jurisdictional issue under "the guise of deciding whether the joinder was fraudulent").

## III. LEGAL STANDARD

### A. Removal

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

But, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

### B. Fraudulent Joinder

Removal based on a court's diversity jurisdiction is proper, despite the presence of a non-diverse defendant, where that defendant is fraudulently joined, also known as a sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Defendants urging fraudulent joinder must "have the opportunity prove that individuals joined in the action cannot be liable on any theory." *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "If the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state," the joinder is considered fraudulent, and the party's citizenship is disregarded

for purposes of diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

However, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Hamilton Materials*, 494 F.3d at 1206; *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc.*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

## IV. DISCUSSION

Defendants argue that this Court should deny Hayes's motion on both procedural and substantive grounds; they contend Hayes violated Local Rule 7-3, and fraudulently joined Arias to destroy diversity jurisdiction. The Court finds both arguments unpersuasive and will address each in turn.

### A. Hayes's Violation of Local Rule 7-3

The Court declines to summarily decide this motion based on Hayes's violation of Local Rule 7-3. Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution . . . at least seven (7) days prior to the filing of the motion." L.R. 7-3. The moving party may then file the motion if the parties are unable to reach a resolution. *Id.*

Defendants urge this Court to deny Hayes's Motion because she did not comply with Local Rule 7-3. (Opp'n 2, ECF No. 17.) The Court, however, retains the discretion to choose whether to consider the motion. *See Singer v. Live Nation Worldwide, Inc.,* 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012). While Hayes's disregard for the Local Rules is careless and concerning, it does not merit denial of the Motion.

### B. Arias Was Not Fraudulently Joined

When assessing fraudulent joinder, a court may pierce the pleadings to determine whether a plaintiff has a plausible claim against the non-diverse defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir 2001). Here, reviewing the facts in the light most favorable to Hayes, this Court finds that Hayes has a legitimate claim against Arias. *See Good*, 5 F. Supp. 2d at 807.

#### a. Hostile Work Environment Claim

Under California's Fair Employment and Housing Act ("FEHA"), "[i]t is an unlawful employment practice . . . [f]or an employer . . . or any other person, because of race . . . physical disability, mental disability, [or] medical condition . . . to harass an employee . . . ." Cal. Gov't Code § 12940(j)(1). A successful harassment claim based on a hostile work environment "must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." *Miller v. Dep't. of Corr.*, 36 Cal. 4th 446, 462 (2005). "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998).

"[A]cts of harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or generalized nature." *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590,

610 (1989). Notably, "[a]n employee of an entity . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee." Cal. Gov't Code § 12940(j)(2).

According to Defendants, there can be no individual liability for Arias's alleged harassment because her conduct occurred within her job duties and because the incidents were "single or isolated" events, not severe or pervasive. (Opp'n 9–10, ECF No. 17.) Hayes asserts that she suffered harassment because of her age, disability—or perceived disability—and medical condition, as well as because of her "requests for disability leave and reasonable accommodations, and [her] complaints and objections to discrimination, harassment, and retaliation." (Comp. ¶ 67.)

Specific examples of the harassment Hayes alleges include Arias favoring younger, non-African-American employees with less seniority, transferring Hayes to unfavorable shifts and positions, failing to accommodate Hayes's medical condition after repeated protest and complaints, forcing Hayes to work in dangerous conditions and endure abdominal pain, and threatening to terminate Hayes's employment benefits. (*Id.* ¶ 45.) Further, Hayes asserts that she was subject to disparaging comments regarding her medical condition and that Arias frequently expressed aggravation when Hayes asked for disability leave. (*Id.* ¶¶ 45, 23.)

Racial and disability discrimination may also support Hayes's Hostile Work Environment claim. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 710 (2009), *as modified* (Feb. 10, 2010) ("[T]he FEHA treats discrimination and harassment as distinct categories, but nothing in the FEHA requires that the evidence in a case be dedicated to one or the other claim but never to both."). Construing the allegations in Hayes's Complaint in her favor, leads the Court to find that she has made out a plausible claim for relief against Arias.

Furthermore, a defendant bears a heavy burden in establishing that a co-defendant has been fraudulently joined. Even if Arias's actions, as pleaded, could not

constitute severe or pervasive conduct outside the course of normal employment, it is not inconceivable that Hayes could amend her complaint and assert more compelling facts that would state a viable claim. *See Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) ("Merely showing that an action is likely to be dismissed . . . does not demonstrate fraudulent joinder. If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, *or in a future amended complaint*, . . . remand is necessary.") (emphasis added). Therefore, the Court does not find that Arias is a sham defendant.

### b. IIED Claim

Under a theory of Intentional Infliction of Emotional Distress ("IIED"), a plaintiff must prove: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1988). To be successful, the conduct of the defendant must be "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.*

First, Defendants argue that Hayes did not allege sufficient facts to state a claim for IIED because Arias's conduct was not "extreme or outrageous." (Opp'n 14–15, ECF No. 17.) The Court disagrees. Hayes alleges that she suffered severe emotional distress as a result of Arias's adverse employment actions. In addition to the facts that support the Hostile Work Environment claim above, Hayes asserts that she was given "ultimatums that made her choose between her job or her speedy recovery from her sensitive surgery, which the Defendants had notice of." (Opp'n 16, ECF No. 17; Comp. ¶ 24–26); *see Fisher*, 214 Cal. App. 3d at 618 (noting that a properly pled

harassment claim may support the outrageous behavior element of an IIED cause of action).

While liability for IIED "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," the allegations in the Complaint, taken as true, rise to a sufficient level of indecency to state a claim for IIED. Restatement (Second) of Torts § 46 (1965). While Hayes may have a marginal case on the facts pleaded, she is not precluded from amending the complaint to assert additional facts. *See Birkhead v. Parker*, No. C 12-2264 CW, 2012 WL 4902695, at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct, Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege a[] viable claim [for intentional infliction of emotional distress] against [his former supervisor] under California law."). Therefore, Hayes has a plausible IIED claim against Arias, even if it is slight.

Second, Defendants argue that Hayes's IIED claim is barred by the California Workers' Compensation Act ("WCA") because Arias's conduct occurred during the normal course of employment. (Opp'n 14–15, ECF No. 17); *see* Cal. Lab. Code §§ 3600(a), 3602(a); *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008) (holding that when "alleged wrongful conduct . . . occur[s] at the worksite, in the normal course of the employer-employee relationship . . . workers' compensation is a plaintiff['s] exclusive remedy for any injury that may" result).

Nevertheless, in some "exceptional circumstances" an employee may bring a separate civil action when an employer's conduct falls outside the normal risk of employment, also known as the "compensation bargain." *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 811–12 (2001). "To be within the scope of employment, the incident giving rise to the injury must be an outgrowth of the employment, the risk of injury must be inherent in the workplace, or typical of or

broadly incidental to the employer's enterprise." *Torres v. Parkhouse Tire Serv., Inc.*, 26 Cal. 4th 995, 1008 (2001).

Generally, allegations that an employer's intentional, unfair or outrageous conduct causes an employee emotional distress is not sufficient to bring an IIED claim outside WCA's exclusivity provision. *See Livitsanos v. Superior Court*, 2 Cal. 4th 744, 828 (1992) ("Intentional misconduct may constitute a normal part of the employment relationship. Even if such conduct may be characterized as intentional, unfair, or outrageous, it is nevertheless covered by the workers' compensation exclusivity-of-remedy provisions."). However, it is clear that claims arising from disability discrimination and discrimination on the basis of race, religion, age, or gender are not preempted by the exclusivity provision because they are not a normal part of the employment relationship. *See Jones v. Los Angeles Cmty. Coll. Dist.*, 198 Cal. App. 3d 794, 809 (1988); *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1154 (1998).

Here, Hayes's IIED claim is supported by evidence of harassment and discriminatory conduct based on her race, disability, and medical condition. *See also Accardi v. Superior Court*, 17 Cal. App. 4th 341, 352 (1993), *as modified on denial of reh'g* (Aug. 20, 1993) ("The Legislature . . . did not intend that an employer be allowed to raise the exclusivity rule for the purpose of deflecting a claim of discriminatory practices."). Therefore, Defendants have failed to meet their burden of establishing that Hayes's IIED claim is barred by the WCA's exclusionary rule.

### c. Managerial Privilege

Defendants also argue that Arias is protected by the managerial privilege because Hayes's claims are based on Arias's non-actionable personnel decisions. (Opp'n 6, ECF No. 17.) Under the doctrine of managerial privilege, "supervisors may not be held personally liable for discriminatory personnel decisions under California's Fair Employment and Housing Act ("FEHA")." *Calero v. Unisys Corp.*, 271 F. Supp.

2d 1172, 1178 (N.D. Cal. 2003). However, individual managers may be held personally liable for unlawful harassment, which does not constitute a "personnel decision." *See Reno v. Baird*, 18 Cal. 4th 640, 646 (1998) ("Making a personnel decision is conduct of a type fundamentally different from the type of conduct that constitutes harassment. Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance."). Here, both of Hayes's claims against Arias are based on allegations of harassment. Therefore, the managerial privilege is not applicable and Arias may be held personally liable.

Hayes also argues that the managerial privilege is not a settled rule of California law and inapplicable because Arias did not intend to benefit her employer. (Mot. 22, ECF No. 14); *see McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (applying the managerial privilege "if an advisor is motivated in part by a desire to benefit his principal"). Defendants disagree, arguing that Hayes relies on case law that does not evaluate the privilege in the context of fraudulent joinder. (Opp'n 7, ECF No. 17.) Even assuming the privilege is settled law and that it applies here, both of Hayes's claims against Arias are based on allegations of harassment, and thus she is not protected by the managerial privilege.

Defendants argue that Arias acted with intent to benefit her employer. (Opp'n 9, ECF No. 17.) The allegations in Hayes's Complaint make it difficult to decipher normal personnel management decisions that benefitted her employer, and harassment. However, Arias's conduct can reasonably be construed as harassment that is beyond personnel management decisions. *See Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003) ("It is certainly questionable whether a managerial privilege could be asserted where the employer's or its agent's or employee's conduct is sufficiently egregious so as to constitute outrageous conduct. In addition to this question, it is far from clear under California law whether the

managerial privilege is an affirmative defense or part of the plaintiff's cause of action.").

Finally, even if Hayes did not plead sufficient facts against Arias, Defendants have failed to show that Hayes could not amend the complaint to state a feasible claim. *See Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006) (finding no fraudulent joinder despite the defective complaint because defendants failed to establish that plaintiffs will not be granted leave to amend). Defendants face "both a strong presumption against removal jurisdiction and 'the general presumption against fraudulent joinder.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (citing *Hamilton Materials, Inc.*, 494 F.3d at 1206). Accordingly, the Court **GRANTS** Hayes's Motion. *See Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

**C. Attorney's Fees to Plaintiff**

Hayes requests that this Court award her attorneys' fees due to Defendants' bad faith in removing this action. (Mot. 23–24.) Courts may award attorneys' fees following improper removal "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, there is no dispute that the amount in controversy exceeds $75,000, and removal is based solely on Defendants' argument that Hayes does not have any claim against Arias. As discussed above, while it may not be a strong claim, Hayes presents sufficient allegations to preclude application of the fraudulent joinder doctrine. *See Rios v. Career Educ. Corp.*, No. 2:14-CV-07697-CAS, 2014 WL 6670138, at *4 (C.D. Cal. Nov. 24, 2014) (The proper standard for fraudulent joinder "is not whether there is a possibility that plaintiff will *prevail* on her harassment claim; rather, the standard is whether defendants can demonstrate by clear and convincing evidence that there is no possibility that plaintiff will be able to *state* a[]

harassment claim"). The Court cannot find that Defendants lacked any objectively reasonable basis for removal. Moreover, Hayes's violation of Local Rule 7-3 does not support awarding her attorneys' fees. Therefore, the Court declines to award attorneys' fees.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Plaintiff's Motion for Remand. (ECF No. 23.) Accordingly, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, Case No. BC 672200. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

January 29, 2018

_____

**OTIS D. WRIGHT, II**

**UNITED STATES DISTRICT JUDGE**